IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02454-BNB

STEVEN ANTHONY VALLES,

    Plaintiff,

v.

B. CARNES, #195,
W. KEAN,
MIKE MILLER,
G. EARTHMAN,
DAVID ARCADY, and
MESA COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
                CLERK

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Steven Anthony Valles, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Valles, acting *pro se*, initiated this action on September 27, 2010, by submitting a pleading to the Court regarding the seizure of his property during an arrest that took place on August 17, 2007. Magistrate Judge Boyd N. Boland reviewed the merits of the pleading, determined that Mr. Valles was attempting to file a prisoner complaint, and entered an order on October 8, 2010, instructing him to file his claims on a Court-approved form. On November 3, 2010, Mr. Valles complied.

The Court must construe Mr. Valles' Complaint liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *Hall*, 935 F.2d at 1110. The action will be dismissed in part and drawn in part for the reasons stated below.

Mr. Valles asserts that Defendants B. Carnes, W. Kean, Mike Miller, and G. Earthman violated his constitutional rights when they initiated a traffic stop, arrested him for no proof of insurance, and confiscated his truck after conducting two searches of the vehicle. Specifically, in Claims One and Two, Plaintiff asserts that on August 17, 2007, Defendants Carnes, Miller, Kean, and Earthman searched his vehicle without a warrant or probable cause, failed to complete a property inventory at the time of the search, and to date have not returned his vehicle or personal property. Plaintiff also asserts that the stop was invalid and that the arrest was malicious and pretextual. Plaintiff further asserts that he has attempted to file an action with state agencies regarding his stolen vehicle, but all agencies are unwilling to accept any stolen vehicle report. In Claim Three, Plaintiff asserts that Defendants Miller and David Arcady are not credible and engage in criminal activity and that he is a "scapegoat" for Defendant Arcady. Plaintiff seeks money damages

Claims One and Two as asserted against Defendants Carnes, Kean, Miller, and Earthman will be drawn to a district judge and to a magistrate judge.

Mr. Valles, however, may not sue the Mesa County Sheriff's Department because it is not a separate entity from Mesa County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Department must be considered as asserted against

Mesa County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Mr. Valles cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. ***See Monell***, 436 U.S. at 694. Therefore, Defendant Mesa County Sheriff's Department will be dismissed from the action.

As for Defendant Arcady, Mr. Valles must demonstrate how he personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Valles must show that Defendant Arcady caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Arcady's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendant Arcady may not be held liable merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Nothing Mr. Valles asserts in Claim Three raises a claim of a constitutional violation against either Defendant Arcady or Defendant Miller. Therefore, Claim Three and Defendant Arcady will be dismissed from the action. Accordingly, it is

ORDERED that Claim Three and Defendants David Arcady and Mesa County Sheriff's Department are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants David Arcady and Mesa County Sheriff's Department from the docketing record as parties to this action. It is

FURTHER ORDERED that Claims One and Two as asserted against Defendants B. Carnes, W. Kean, Mike Miller, and G. Earthman shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02454-BNB

Steven Valles
Prisoner No. 66114
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 8, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk