IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02454-REB-MJW

STEVEN ANTHONY VALLES,

Plaintiff,

v.

B. CARNES, #195,
W. KEAN,
MIKE MILLER, and
G. EARTHMAN,

Defendants.

---

**RECOMMENDATION ON
MOTIONS TO DISMISS PURSUANT TO F.R.CIV.P. 12(b) BY DEFENDANTS
(Docket No. 27)
and
MOTION TO DISMISS (Docket No. 36)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on December 10, 2010. (Docket No. 8).

**PLAINTIFF'S CLAIMS**

Pursuant to an Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge (Docket No. 7) issued by former Senior Judge Zita Leeson Weinshienk on December 7, 2010, Claim Three and defendants David Arcady and Mesa County Sheriff's Department were dismissed from this action which is brought

Case 1:10-cv-02454-REB-MJW Document 54 Filed 08/04/11 USDC Colorado Page 2 of 13

2

pursuant to 42 U.S.C. § 1983. Therefore, only Claims One and Two contained in the pro se incarcerated plaintiff's Prisoner Complaint (Docket No. 4) remain. Plaintiff asserts the following in the remaining claims and in the Nature of the Case section of his pleading.

On or about August 17, 2007, defendant Sheriff Carnes initiated a traffic stop and arrested plaintiff for no proof of insurance. He handcuffed plaintiff and then searched plaintiff's truck, during which he did not find any weapons or drugs. He then placed plaintiff in the back seat of his patrol car and started to transport him to the Mesa County Jail. At about that time, defendant deputies Miler and Kean arrived. Kean ran to Carnes' patrol car and asked if the keys were in plaintiff's truck. Carnes advised Kean that keys were in the truck, and then Kean drove off with plaintiff's truck. According to plaintiff, no weapons or drugs were in his truck, nor were any found on his person at the time of his arrest. Plaintiff has a receipt for all of the money and property in his truck.

Claim One states that it is a Fourth Amendment claim. Plaintiff's truck was full of plaintiff's property because he was moving all morning. When Kean drove away with plaintiff's truck, it was motor vehicle theft. Also, without a warrant or probable cause, Miller initiated another search of the truck. Defendant Earthman's dog sniffed the truck and found two grams of cocaine, but Miller stated in his report that there were 24 grams and that he found 83.6 grams and 34.6 grams of methamphetamine in two clear plastic bags. Miller falsified his report, as did Carnes. Earthman's report states that an inventory search was done. The Fifth Amendment states that property cannot be taken without compensation.

3

Claim Two raises what plaintiff characterizes as Eighth and Fourteenth Amendment claims, namely, ""Invaild [sic] stop, malicious arrest, pretextual arrest: Pulled over for a license plates not clearly visible officer stated that after he ran D.MV on plates they were vaild [sic] officer stated that [plaintiff] was arrest [sic] for no proof of insurance." (Docket No. 4 at 6). Despite state and local laws that require that when a person is arrested, the vehicle must be inventoried and impounded, to date no such procedure has been done, and the vehicle is still missing. The last time it was seen was with the Mesa County Sheriff's Department officers who stopped plaintiff. Plaintiff has made repeated attempts to file a stolen vehicle report, but all agencies involved have been evasive and unwilling to accept such a report. The U.S. Constitution provides that no property can be taken or seized without due process of the law, and plaintiff has such a right with regard to any and all evidence taken from his truck, especially if it is to be used in any criminal proceeding. The truck should have been used as evidence, but instead it has never been seen again. "One must conclude that all so called evidance [sic] used at criminal proceeding is invalid and supsilus [sic]." (Docket No. 4 at 6).

On a separate page, entitled "D. Cause of Action," plaintiff makes further averments. There is no indication as to which claim these averments relate. Plaintiff states the following in that section of his pleading. Miller and Carnes committed perjury when they testified. Miller also stated that the drug looked like the drug he found, but they were not in the bags. Certain exhibits in his criminal case were fabricated, and that case is "all tainted." (Docket No. 6 at 10).

Plaintiff seeks monetary damages.

**MOTIONS TO DISMISS**

Now before the court are two motions to dismiss, namely a Motion to Dismiss Pursuant to F.R.Civ.P. [sic] 12(b) by Defendants Carnes, Kean and Miller (Docket No. 27) and the Motion to Dismiss (Docket No. 36) filed by the remaining defendant, Geraldine Earthman. Responses to the motions have been filed (Docket Nos. 34, 40, and 45), and so were replies (Docket Nos. 38 and 46). The court has considered all of these motion papers, the court's file, and applicable case law and Federal Rules of Civil Procedure. The court now being fully informed makes the following findings, conclusions of law, and recommendations.

Defendants Carnes, Kean, and Miller seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds: the unnumbered claim should be dismissed on the ground of trial witness absolute immunity, and Claims One and Two should be dismissed because they are barred by statutes of limitations, the underlying criminal prosecution did not resolve in plaintiff's favor, and plaintiff has not stated an Eighth or Fourteenth Amendment claim. In addition, these defendants suggest the court consider application of 28 U.S.C. § 1915(g) because the suit is allegedly both frivolous and fails to state a claim. Defendant Earthman seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiff's claim against her is barred by the applicable statute of limitations and the plaintiff has failed to allege a violation of his constitutional rights, entitling Earthman to qualified immunity.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and

> Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).
>
> Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a

6

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Plaintiff is proceeding *pro se.* The court, therefore, reviews plaintiff's pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. See Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983); Whitney v. New Mexico, 113

F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**Statute of Limitations**

Defendants assert that the plaintiff has failed to bring his claims within the applicable statute of limitations. The Prisoner Complaint is dated November 1, 2010, and was filed with the court on November 3, 2010. (Docket No. 4). Under the prison "mailbox rule," the Prisoner Complaint should be deemed "filed" at the moment of its delivery to prison authorities for forwarding to the District Court. See Houston v. Lack, 487 U.S. 266 (1988).

The Supreme Court has instructed that "§ 1983 claims are best characterized as personal injury actions," and, therefore, the relevant state statute of limitations applicable to such actions is applied. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)). Colorado's general two-year statute of limitations for personal injury actions, § 13-80-102, C.R.S., thus applies to this case. Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994); Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991).

Federal law, rather than state law, however, determines when a federal claim accrues. The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence of the injury which is the basis of his action. Kripp v. Luton,

8

466 F.3d 1171, 1175 (10th Cir. 2006); Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994).  "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Industrial Constructors Corp., 15 F.3d at 969.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed the question of when a prisoner may bring a section 1983 claim relating to his conviction or sentence.  The Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

Id. at 487 (footnotes omitted).  Based upon this language, the Tenth Circuit has stated that "for § 1983 claims necessarily challenging the validity of a conviction or sentence, Heck delays the rise of the cause of action until the conviction or sentence has been invalidated.  Because the cause of action does not accrue until such time, the applicable statute of limitations does not begin to run until the same time."  Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 556-57 (10th Cir. 1999).

In Beck, the Tenth Circuit did not agree with the district court's blanket application of Heck to all of the plaintiff's claims.  Id.  The circuit court stated that "Heck applies only to those claims that would necessarily imply the invalidity of any conviction that might have resulted from prosecution of the dismissed . . . charge or the invalidity of his probation revocation.  Not all of them do.  **Each of Beck's claims must be**

9

**assessed individually to determine whether it has yet matured, and if so, when it matured for purposes of applying the statute of limitations.**" Id. (emphasis added). The Tenth Circuit noted in Beck that "**[c]laims arising out of police actions toward a criminal suspect, such as** arrest, interrogation, or **search and seizure, are presumed to have accrued when the actions actually occur**." Id. at 558 (citing Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)) (emphasis added). See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

In this case, the purported claims made on the separate page, entitled "D. Cause of Action," should be dismissed. As noted above, in that section, plaintiff claimed that Miller and Carnes committed perjury when they testified, that Miller also stated that the drug looked like the drug he found, but they were not in the bags, that certain exhibits in the plaintiff's criminal case were fabricated, and that the case is "all tainted." (Docket No. 6 at 10). A judgment in favor of the plaintiff on such claims could very well imply the invalidity of his conviction or sentence, and the plaintiff has not demonstrated that his conviction or sentence has already been invalidated. Therefore, pursuant to Heck, these claims should be dismissed.

The court further finds that Claims One and Two are time barred. In Claim One, plaintiff complains of the search and seizure of his truck and the contents thereof, including alleged falsified police reports concerning what was seized. In Claim Two,

plaintiff complains of an invalid stop, malicious and pretextual arrest, and the seizure of his truck. These two claims would have accrued at the time of the traffic stop, vehicle search, and plaintiff's arrest, which occurred on August 17, 2008, well over two years before the date of the Prisoner Complaint (November 1, 2010). Therefore, absent any tolling of the limitations period, plaintiffs Claims One and Two, which are based on the search and seizure and his arrest, are time-barred.

"Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." Garrett v. Arrowhead Imp. Ass'n, 826 P.2d 850, 855 (Colo. 1992). The issue of tolling is also governed by state law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). "The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling." Braxton v. Zavaras, 614 F.3d 1156, 1160 (10th Cir. 2010).

Here, plaintiff has not made any showing of such "extraordinary circumstances" or that the defendants wrongfully impeded his ability to bring his claims. The court notes that in one of his responses (Docket No. 45), plaintiff states, "In 2008 Plaintiff file a Complaint it was dismiss without prejudiced. The Plaintiff file again Date 3-4-09 and it was also dismiss with out prejudiced and again date, Apreil [sic], 21-2009, and now, November, 3-2010., statute of limitation

11

would expire date would be November, 3, 2012." (Docket No. 45 at 2). In Colorado, "[g]enerally when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him." King v. W. R. Hall Transp. & Storage Co., 641 P.2d 916, 920 (Colo. 1982). See SMLL, L.L.C. v. Peak Nat. Bank, 111 P.3d 563, 565 (Colo. App. 2005) ("Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action."); Chilcott Entertainment L.L.C. v. John G. Kinnard Co., 10 P.3d 723, 726 (Colo. App. 2000) ("[T]he Colorado Supreme Court has stated that, absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action.") (citing King, 641 P.2d 916; Brown v. Hartshorne Pub. Sch. Dist. #1, 926 F.2d 959 (10th Cir. 1991) (in absence of statute to the contrary, limitation period not tolled during pendency of dismissed action); Cook v. G.D. Searle & Co., 759 F.2d 800 (10th Cir. 1985) (recognizing that Colorado law indicates a policy disfavoring tolling by mere pendency of prior action)). "The closest statute on this issue is Colo.Rev.Stat. § 13-80-111, which permits a plaintiff to re-file an action within ninety days of the termination of an original action for lack of jurisdiction or improper venue." Phillips v. Harrison, 2005 WL 1773952, *2 n.4 (D. Colo. July 26, 2005).

The court has searched the court's docket database and has not found another case brought by the plaintiff in this district. The court notes that attached to the Prisoner Complaint is a Notice of Dismissal for Failure to Prosecute dated December 9, 2008,

12

from the County Court in Mesa County which indicates that such case would be dismissed without prejudice on January 8, 2009, if the plaintiff did not show cause why the case should not be dismissed.  (Docket No. 4 at 12).  Furthermore, in the Previous Lawsuits section of the Prisoner Complaint, plaintiff listed that Mesa County Court case and two others in that court which were dismissed.  He indicated that one of the other cases was dismissed when a default was set aside, and the other was dismissed because he needed an attorney.  (Docket No. 4 at 8).  Plaintiff has not shown that those prior state cases were related to the claims brought here, but even if they were, he has failed to establish that any prior actions were terminated based upon lack of jurisdiction or improper venue.  Therefore, plaintiff has not shown that the limitations period here was tolled during the pendency of any prior actions by virtue of § 13-80-111, C.R.S.  See Nguyen v. Swedish Med. Ctr., 890 P.2d 255, 256 (Colo. App. 1995) ("[I]nasmuch as plaintiff's first action was dismissed for a procedural defect, not for lack of jurisdiction, the remedial revival statute was inapplicable to plaintiff's second complaint.").

Based upon the findings above, and in the interest of judicial economy, the court has not addressed the alternate grounds for dismissal raised by the defendants.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss Pursuant to F.R.Civ.P. 12(b) by Defendants (Docket No. 27) be **granted**.  It is further

**RECOMMENDED** that the Motion to Dismiss (Docket No. 36) be granted.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

13

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: August 4, 2011                           s/ Michael J. Watanabe
       Denver, Colorado                    Michael J. Watanabe
                                          United States Magistrate Judge